**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | § | |
| AS INDENTURE TRUSTEE, FOR | § | |
| WIMC CAPITAL TRUST 2011-1, | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. 4:26-cv-2009 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **JAMARCUS GLOVER, BRANDY** | § | |
| **GLOVER, and ANDRE HARRIS** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff The Bank of New York Mellon, as indenture trustee for WIMC Capital Trust 2011-1 ("Plaintiff" or "BNY"), its successors and assigns, files this its Original Complaint against Jamarcus Glover, Brandy Glover, and Andre Harris ("Defendants"), and respectfully shows the Court as follows:

**I. PARTIES**

1.       Plaintiff is the mortgagee of the loan secured by the Property made the subject of this suit as defined by the Texas Property Code. As such, Plaintiff is the party entitled to enforce the Deed of Trust made the subject of this suit.

2.       Defendant Demarcus Glover is an heir-at-law and son of the deceased borrower, Francine Glover. He may be served with process at 6531 Fallengate Drive, Spring, Texas 77373 (Harris County), or such other place as he may be found.  Summons is requested.

3.       Defendant Brandy Glover is an heir-at-law and daughter of the deceased borrower.  She may be served with process at 2285 Marsh Hawk Lane, Apt.

1205, Flemming Island, Florida  32003 (Clay County), or such other place as she may be found. Summons is requested.

4.       Defendant Andre Harris is an heir-at-law and son of the deceased borrower, Francine Glover.  He may be served with process at 6531 Fallengate Drive, Spring, Texas  77373 (Harris County), or such other place as he may be found.  Summons is requested.

## II.    JURISDICTION AND VENUE

5.       This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6.       Plaintiff is a national banking association and a trustee of a mortgage securitization trust. A trustee that possesses "customary powers to hold, manage and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Le*e, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc*., 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A*., 387 F.3d 426, 436 (5th Cir. 2004). The Bank of New York Mellon's principal executive office is located in New York, New York. Therefore, Plaintiff is a citizen of New York for purposes of diversity jurisdiction.

7.      Defendant Jamarcus Glover is an individual who resides at 6541 Fallengate Drive, Spring Texas  77373 and is domiciled in Harris County, Texas. Therefore, Defendant Jamarcus Glover is a citizen of Texas for diversity purposes.

8.      Defendant Brandy Glover is an individual who resides at 2285 Marsh Hawk Lane, Apt. 1205, Flemming Island, Florida  32003 and is domiciled in Clay County, Florida. Therefore, Defendant Brandy Glover is a citizen of Florida for diversity purposes.

9.      Defendant Andre Harris is an individual who resides at 6541 Fallengate Drive, Spring Texas  77373 and is domiciled in Harris County, Texas. Therefore, Defendant Andre Harris is a citizen of Texas for diversity purposes.

10.     Because Plaintiff is a citizen of New York and Defendants are citizens of Texas and Florida, there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

11.     In this suit, Plaintiff seeks declaratory relief and to foreclose on a mortgage loan that encumbers Property that, pursuant to the Harris County Central Appraisal District, is valued at $220,448.00.[1] A true and correct copy of the Harris County Appraisal District's valuation of the property is attached hereto as **Exhibit A**. Accordingly, the amount in controversy meets and exceedcs the federal jurisdictional minimum of $75,000.00. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); see also *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

---

[1] Plaintiff respectfully requests that the Court take judicial notice of Exhibit A.

12.    Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124(b)(2), 1391(b)(2).

### III.    FACTS

13.    On or about June 21, 2007, Decedent Francine Glover ("Borrower" or "Decedent") executed a certain Note  in the principal amount of $92,000.00 (the "Note") in favor of Home Funds Direct bearing interest at 9.250% per annum. A true and correct copy of the Note is attached hereto as **Exhibit B**.  To secure repayment of the Note, Borrower executed a Deed of Trust (the "Deed of Trust" and collectively with the Note, the "Loan" or "Loan Agreement"), that encumbers the real property commonly known as 6531 Fallengate Drive, Spring, Texas 77373 (the "Property"), and more particularly described as follows:

> **LOT TWENTY-FIVE (25), IN BLOCK TWENTY-NINE (29), OF CORRECTED PLAT OF GREENGATE PLACE, SECTION FIVE (5), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 269, PAGE 102 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

14.    The Deed of Trust was recorded in the Official Public Records of Harris County, Texas under Document No. 20070409605 on July 5, 2007. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as designated nominee for Home Funds Direct, its successors and assigns, as beneficiary under the Deed of Trust.

15.    Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust through a series of subsequent assignments. Each document in the sequence of assignments of the Deed of Trust is recorded in the Official Public Records of Harris County, Texas. A true and correct copy of the chain of assignments is attached hereto as **Exhibit D**.

16.    On or about October 29, 2025, Francine Glover passed away. Upon information and belief, no probate is open for her estate in Harris County, Texas, the county where the Property is located and the county in which she died.

17.    Plaintiff retained a private investigator to perform an heir search for purposes of identifying Decedent's heirs-at-law. The investigator's report confirms that at the time of her death, Francine Glover was unmarried. Additionally, Decedent had two sons, Jamarcus Glover and Andre Harris, and one daughter Brandy Glover.

18.    The Loan Agreement is currently in default for failure to make required monthly payments. On May 16, 2025, a Notice of Default was sent via certified mail to Borrower at the Property Address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**.  Despite such notice and demand, no payment was made to bring the Note current. On December 22, 2025, Plaintiff, through counsel, accelerated the maturity of the Note by mailing a Notice of Acceleration of Loan Maturity by regular and certified mail to the Property address.  A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F**.

19.    The Loan is currently past due for the April 1, 2025, payment and all subsequent payments accrued.  Payment of the past due balance on the debt has not been received by Plaintiff. As of January 11, 2026, the total amount to pay off the Loan was $89,684.11, subject to additional interest, fees, and costs as authorized by the terms of the Loan Agreement.

20.    Plaintiff files this Complaint to include the heirs at law of the now deceased Borrower, Francine Glover. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of Decedent acquired all her estate, including an undivided interest in the subject

real property, immediately upon his death. Decedent's heirs are each made a party in this proceeding.

21.     But for the death of the Decedent, Plaintiff would have exercised its right to enforce its power of sale in the Deed of Trust against the Property because of the material breach of the Loan Agreement. The most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property would be a public auction of the Property. The rights, responsibilities, and duties of Plaintiff and the trustee of the Deed of Trust are well known under TEX. PROP. CODE § 51.002 and Texas case law; therefore, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process.

22.     All conditions precedent have been performed or occurred for Plaintiff to enforce its security interest against the Property.

## IV.     CAUSE OF ACTION

### A.     Declaratory Relief

23.     The foregoing paragraphs are incorporated by reference for all purposes.

24.     Plaintiff seeks a declaratory judgment allowing it to proceed with the non-judicial foreclosure sale of the Property. Plaintiff seeks a declaratory judgment that establishes (1) that all conditions precedent to foreclose on the Property occurred; (2) that the loan is in default; (3) that Plaintiff, as mortgagee, is entitled to proceed with its foreclosure proceedings; and (4) that the requisite notices were sent as required by the Deed of Trust and the Texas Property Code.

25.     Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Spawglass Construction Corporation v. City of Houston*, 974 S.W.2d 876 (Tex. App – Houston 1998, no writ). Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE

§37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court with a judgment for non-judicial foreclosure of the Property pursuant to the Loan Agreement and the Texas Property Code.

26.    Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff as the mortgagee is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

**B.    Enforcement of Statutory Lien and Non-Judicial Foreclosure**

27.    Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

a.    TEX. ESTATES CODE § 101.001, which states in pertinent part:

*"Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law"*

b.    TEX. ESTATES CODE § 101.051, which states in pertinent part:

*"A decedent's estate vested in accordance with Section 101.001 subject to the payment of, and is still liable for the debts of the decedent, except as exempted by law…"*

Also see:

c.    TEXAS TITLE EXAMINATION STANDARDS §11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes,"* and

      d.     TEXAS TITLE EXAMINATION STANDARDS §11.60, which states in pertinent part:

> "*A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate.*"

28.     Plaintiff's statutory lien gives Plaintiff an enforceable and superior *in rem* lien against the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory lien against the Property according to the terms of the Loan Agreement and TEX. PROP. CODE § 51.002. Plaintiff seeks no personal liability against the Defendants. Plaintiff seeks only the *in rem* interest in the Property acquired by the Defendants upon the death of the Borrower.

29.     A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## C.    Judicial Foreclosure

30.     The foregoing paragraphs are incorporated by reference for all purposes.

31.      In the alternative, Plaintiff seeks a judgment for judicial foreclosure of the Property. Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure may also be foreclosed on by an action for judicial foreclosure. TEX. R. CIV. P. 735.3. Therefore, pleading in the alternative, Plaintiff files this claim for judicial foreclosure.

32.      Plaintiff has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Borrower did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Notices of default and intent to accelerate and acceleration were mailed in compliance with the terms of the Loan and Texas law. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the U.S. Marshal or the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

**D.      Damages**

33.      Based on breach of obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the payoff of the Loan Agreement. That amount continues to accrue, and Plaintiff is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

**E.      Attorney's Fees**

34.      As a result of the breach of obligations under the Loan Agreement, Plaintiff has been forced to retain the undersigned legal counsel to institute and prosecute this action. Under the terms of the Note and Deed of Trust, the reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust are collectable against the

Loan Agreement, to include any appeal to a Court of Appeals or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff The Bank of New York Mellon, as indenture trustee for WIMC Capital Trust 2011-1, its successors and assigns, requests that judgment be granted in its favor with respect to all claims asserted herein, and for all further and other relief, whether at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Crystal G. Gibson*
**CRYSTAL  G. GIBSON**
Texas Bar No. 24027322
Southern Bar No. 706039
cgibson@mwzmlaw.com

**JOHN R. OSBORNE, JR.**
Texas Bar No. 24027708
Southern Bar No. 435414
jrosborne@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**